UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIFFORD ALI,

                Petitioner,

    -against-

MARK MILLER,

                Respondent.

24-CV-6908 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition challenging his March 31, 2021 conviction in the New York Supreme Court, Westchester County. By order dated September 16, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time barred.

## DISCUSSION

**A.    Applicable Statute of Limitations**

    Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under Section 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

    Petitioner alleges that on July 16, 2018, he was convicted in the New York Supreme Court, Westchester County. Court records indicate that on March 31, 2021, the New York

Supreme Court Appellate Division, Second Department, affirmed the conviction, *People v Ali*, 141 N.Y.S.3d 362 (2d Dep't, 2021), and the New York Court of Appeals denied leave to appeal on June 8, 2021. *People v. Ali*, 37 N.Y.3d 962 (2021). Petitioner's conviction consequently became final on September 8, 2021, following the expiration of the 90-day period of time to seek a writ of *certiorari* from the Supreme Court of the United States.[1] *See Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner placed this petition in the prison mail collection box on August 27, 2024, almost two years after the judgment of conviction became final.[2]

When postconviction motions are filed before expiration of the statute of limitations, such motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the one-year limitations period expires, however, do not start the limitations period anew. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Here, Petitioner does not allege that he filed any postconviction motions in the New York state courts before the one-year limitations period expired on September 8, 2022, and he thus has not shown any basis for tolling under section 2244(d)(2).

**B.    Leave to File Declaration**

The Court directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time barred. Petitioner should include in

---

[1] Under the Supreme Court's rules, a litigant typically has 90 days to file a petition for a writ of *certiorari*. *See* S. Ct. R. 31.1. Because of the Covid-19 pandemic, the Supreme Court temporarily extended the time to petition for *certiorari* to 150 days for any case where the petition was due on or after March 19, 2020. On July 19, 2021, the Supreme Court rescinded the extension for any case in which the relevant lower-court decision was issued on or after July 19, 2021. Here, Petitioner's petition for a writ of certiorari, had he filed one, would have been due after July 19, 2021.

[2] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001).

2

his declaration a listing of the following: (1) the dates on which he filed any postconviction collateral state court applications and motions in which he challenged this conviction, including any application for error *coram nobis* relief, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction collateral applications and motions; (2) the dates on which the state courts issued decisions as to any of those applications or motions; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions on those appeals or applications; and (5) the dates on which he received notice of any state court decisions on those applications and appeals.

Petitioner also should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address                City                State        Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |